**In re ANTONIO G.**

**No. 94–333–M.P.**

Supreme Court of Rhode Island.

June 8, 1995.

Frank P. Iaconio, Jr., Court-appointed Sp. Advocate, Anthony E. Angeli, Jr., Dept. of Children, Youth and Families, Laurel C. Ferrelli, Court-appointed Sp. Advocate, Kevin Aucoin, Dept. of Children, Youth & Families, for plaintiff.

Leo Manfred, Westerly, for defendant.

## OPINION

PER CURIAM.

This matter came before a hearing panel of the Supreme Court for oral argument on May 23, 1995, pursuant to an order that directed the petitioner, Marco Morales (Morales), to show cause why the issues raised in his petition for writ of certiorari should not be summarily decided. The petitioner sought relief from the Family Court's termination of his parental rights to Antonio G. (Antonio).

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown and the case will be decided at this time.

In March 1988, Antonio was removed from his parents, Mildred G. (Mildred) and Morales, and placed in the temporary custody of the Department of Children, Youth and Families (DCYF or department). The removal of Antonio, then nine months old, came after the death of Antonio's one-and-one-half-year-old cousin Jonathan, who died from multiple episodes of blunt trauma to his head while he was in the care of Mildred and Morales. Morales pleaded nolo contendere to the charge of manslaughter in the death of Jonathan and was sentenced to the Adult Correc-

tional Institutions for a period of thirty years, with twenty years to serve and ten years suspended.

Upon a petition filed by DCYF, the Family Court terminated the parental rights of Mildred and Morales on August 10, 1993. Morales filed the instant petition for certiorari after failing to appeal within the time prescribed in G.L.1956 (1981 Reenactment) § 14-1-52. Mildred had separately filed a timely appeal of the termination of her parental rights, which, after full argument and briefing, was denied and dismissed by this court in *In re Antonio G.,* 657 A.2d 1052 (R.I. 1995).

At the termination proceedings, the Family Court found that DCYF had proven by clear and convincing evidence that Antonio had been in the care of a licensed or governmental child-placement agency for at least six months and that DCYF had made reasonable efforts to strengthen and encourage the parental relationship.

On review, Morales argued that the trial justice erred in finding that DCYF had provided "reasonable efforts" to "encourage and strengthen the parental relationship" as required under G.L.1956 (1988 Reenactment) § 15-7-7(2)(a).

When we review a ruling of the Family Court, the findings of the trial justice are entitled to great weight and will not be disturbed unless the findings are clearly wrong or unless the trial justice overlooked or misconceived material evidence. *In re Kristen B.,* 558 A.2d 200, 204 (R.I.1989).

Our review of the record shows that the DCYF drew up case plans to make available to Morales drug counseling and parenting classes, as well as visitations with Antonio. The trial justice found that six visits took place from March 1988 to November 1989 when further visits were suspended by an order of the Family Court. The department's social case worker testified that she was unable to offer Morales drug counseling and parenting classes on account of his incarceration.

In determining whether "reasonable efforts" have been made, the trial justice

must examine the conduct of the parent in conjunction with that of the state agency. *In re Antonio G.*, 657 A.2d at 1057. Furthermore, "reasonable efforts" is a subjective term defined by the particular facts and circumstances of the case. *Id.* at 1057. In light of the fact that Morales is incarcerated, in light of the conduct that led to his incarceration, namely, his plea of nolo contendere to manslaughter in the death of a young child, in light of the length of his sentence and the fact that visitations were attempted by DCYF, we concur with the Family Court's finding that Morales is unfit to care for Antonio by reason of conduct and conditions seriously detrimental to the child.

Consequently the petition for certiorari is denied, and the writ heretofore issued is quashed. The order of the Family Court is affirmed, and the papers in the case may be returned to the Family Court.

MURRAY and BOURCIER, JJ., did not participate.